```
___ FILED        ___ RECEIVED
___ ENTERED      ___ SERVED ON
                 COUNSEL/PARTIES OF RECORD

        SEP 2 4 2009

   CLERK US DISTRICT COURT
      DISTRICT OF NEVADA
BY: _____ DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

STEPHEN TAYLOR,

  Plaintiff,

v.

BRAND SCAFFOLD SERVICES, LLC;
BRAND SERVICES, LLC,

  Defendants.

3:09-CV-0240-LRH-VPC

ORDER

  Before the court is defendants Brand Scaffold Services, LLC and Brand Services, LLC's ("Brand") motion to dismiss filed on May 8, 2009. Doc. #2[1]. Plaintiff Stephen Taylor ("Taylor") filed a response on May 26, 2009. Doc. #9. Thereafter, Brand filed a reply on June 9, 2009. Doc. #10.

I. **Facts and Procedural History**

  This is a Title VII employment discrimination action. Taylor is an African-American who was employed by defendant Brand as a shop steward. Taylor alleges that Brand and its employees racially harassed Taylor, subjected him to different terms and conditions of employment than white employees, and eventually laid him off solely on the basis of his race. Doc. #1, Exhibit 1.

---

[1] Refers to the court's docket number.

On April 22, 2008, Taylor filed a complaint with the Nevada Equal Rights Commission ("NERC"). Thereafter, on May 27, 2008, Taylor filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). The EEOC declined to pursue Taylor's claim and issued a right-to-sue letter on October 2, 2008.

On April 17, 2009, Taylor filed the underlying Title VII action. Doc. #1, Exhibit 1. Thereafter, Brand filed the present motion to dismiss. Doc. #2.

**II. Legal Standard**

In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, a court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in a plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

There is a strong presumption against dismissing an action for failure to state a claim. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). However, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels, conclusions, and a formulaic recitation of the elements of the cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

**III.   Discussion**

**Statute of Limitations**

2

When the EEOC declines to pursue a claim it is required to notify the claimant that he has ninety days to file a civil action. 42 U.S.C. § 2000e-5(f)(1). This ninety day filing period operates as a statute of limitation for the claim. *Scholar v. Pacific Bell*, 963 F.2d 264, 267 (9th Cir. 1992) (citing *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 (9th Cir. 1990)). "If claimant fails to file within 90-day period, the action is barred." *Id.*

Here, the EEOC issued Taylor a right-to-sue letter on October 2, 2008. Taylor did not file his Title VII suit until April 17, 2008; over one hundred days late. Accordingly, Taylor's complaint is time-barred.

**Equitable Tolling**

Taylor argues that although he filed his complaint late, he is entitled to equitable tolling of the limitations period because he did not receive his right-to-sue letter until February 10, 2009. Doc. #9. Taylor moved from the address of record on April 15, 2008, after he filed his NERC claim. He was not living at the address of record when the EEOC issued his right-to-sue letter and he did did not receive notice of his right to sue until he contacted the EEOC on February 10, 2009. Therefore, Taylor argues that the time for the limitations period should be tolled until the date he received notice. Doc. #9.

However, equitable tolling of the ninety day period is granted only when the claimant exercises reasonable due diligence in keeping the EEOC abreast of address changes and stays in contact with the EEOC. *See Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380 (9th Cir. 1997) (holding that failure to provide EEOC with new address did not constitute the exercise of due diligence). Here, Taylor did not exercise due diligence in pursuing his claim with the EEOC.

Taylor filed his EEOC charge on May 22, 2008, *after* Taylor had moved from the address of record, but he failed to change his address or inform the EEOC that he had already moved. Further, Taylor failed to keep in diligent contact with the EEOC; he waited more than nine months to contact the EEOC about his claim even though he knew the EEOC had no way to contact him by

1  mail. Thus, Taylor did not exercise due diligence in pursuing his claim. Accordingly, the court
2  declines to toll the statute of limitations period.

4      IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #2) is
5  GRANTED.
6      IT IS FURTHER ORDERED that the clerk of court shall enter judgment accordingly.
7      IT IS SO ORDERED.
8      DATED this 24th day of September, 2009.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE